UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DELMA DUNN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 10-312-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Delma Dunn and Defendant Michael J. Astrue, Commissioner of Social Security. [Record Nos. 12, 14] Dunn argues that there is not substantial evidence to support the decision of the administrative law judge (ALJ) that she is not disabled. She seeks remand for an award of benefits or further findings. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Dunn.

**I.**

On February 15, 2008, Dunn applied for a period of disability and disability insurance benefits under Title II of the Social Security Act. She alleged disability beginning March 6, 2006. [Tr., pp. 118-20, 134] Her application was denied initially and upon reconsideration. [Tr., pp. 56-59, 61-63] Dunn, along with her attorney Roger Riggs and vocational expert Ralph

Crystal, appeared before ALJ Roger L. Reynolds on February 8, 2010, in Lexington, Kentucky. [Tr., p. 28] In a hearing decision dated March 18, 2010, ALJ Reynolds found that Dunn was not disabled under sections 216(i) and 223(d) of the Social Security Act and thus was not entitled to a period of disability or disability insurance benefits. [Tr., p. 24]

Dunn was forty-seven years old at the time of the administrative hearing. She has a tenth-grade education and work experience as a certified nursing assistant, an assembly-line worker, and in the women's department at Walmart. [Tr., pp. 31-32, 37] Her alleged disability stems from lower back pain, depression, and anxiety. [Tr., p. 138] After reviewing the record and the testimony presented during the administrative hearing, the ALJ concluded that Dunn suffered from the severe impairments of obesity; degenerative disc disease of the lumbar spine, status post L5/S1 laminectomy and discectomy; hypertension; major depressive disorder; and an anxiety disorder with post traumatic stress disorder features. [Tr., p. 13] Notwithstanding these impairments, ALJ Reynolds found that Dunn retained the residual functional capacity (RFC):

> to perform light and sedentary work as defined in 20 CFR 404.1567(b), that is, lifting and carrying up to twenty pounds occasionally, ten pounds frequently, with sitting, standing and walking up to six hours each in an eight hour day. [Dunn] requires entry level work with simple, repetitive procedures and no frequent changes in work routines with no requirement for detailed or complex problem solving, independent planning, or the setting of goals. She should work in an object oriented environment with only occasional and casual contact with the general public, not requiring extended conversations, dispute resolution, coordinated activities, etc.

[Tr., p. 17] As a result of this assessment, Dunn was denied a period of disability and disability insurance benefits. [Tr., p. 24]

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, the claimant must demonstrate that she is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, the claimant must show that she suffers from a severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual functional capacity and relevant past work to determine whether she can do past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of the analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine whether she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d

1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III.

Dunn argues that the ALJ gave insufficient weight to the opinion of her treating psychiatrist and did not explain his reasons for rejecting that opinion. She further contends that ALJ Reynolds neglected to consider the combined effects of her impairments, as well as whether she would be able to maintain employment for a significant period of time. Based on these alleged errors, Dunn asserts that the ALJ's decision is not supported by substantial evidence. The Court will address each of Dunn's arguments in turn.

 **A.** **Opinion of Treating Psychiatrist**

Dunn contends that the ALJ should have deferred to the opinion of her treating psychiatrist, Dr. Sam Welch, but instead "completely ignored" it.[1] [Record No. 12-1, p. 5; *see id.*, p. 4] However, as the Commissioner points out, Dr. Welch's opinion was not even in the record at the time of the ALJ's decision. [Record No. 14, p. 5; *see* Tr., p. 566] It was subsequently submitted to the Appeals Council, which denied review of the ALJ's decision. [*See* Tr., pp. 1-5, 566-71]

The ALJ cannot be faulted for failing to consider evidence that was never before him. Nor can his decision be overturned on this ground. The Sixth Circuit has held that "where the Appeals Council considers new evidence but declines to review a claimant's application for

---

1 Dunn twice refers to a "treating physician" whose opinion the ALJ allegedly disregarded. [Tr., pp. 3, 5] Because she does not identify any treating physician by name, the Court assumes that these references are also to Dr. Welch.

disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citing *Cotton v. Sullivan*, 2 F.3d 692, 695-96 (6th Cir. 1993)); *see also Bass*, 499 F.3d at 512-13 ("Only evidence in the record below can be considered when determining whether or not the ALJ's opinion was supported by substantial evidence."). Rather, "the only method to have new evidence considered is to ask for a sentence six remand under 42 U.S.C. § 405(g)." *Bass*, 499 F.3d at 513. Such a remand is allowed "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

Here, as the Commissioner notes, Dunn does not attempt to satisfy the requirements for a sentence six remand, nor does she even cite the statute. [Record No. 14, p. 6] The Court will not formulate such arguments for her. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quotation marks omitted) (omission in original)). Accordingly, the issue of Dr. Welch's opinion does not warrant further discussion.

**B.    Combination of Impairments**

Dunn also contends that the ALJ did not consider her impairments in combination, though she does not explain the basis for this assertion. [Record No. 12-1, p. 4] As indicated above, the Court has no obligation to develop Dunn's arguments. *See McPherson*, 125 F.3d at 995-96.

Nevertheless, the Court notes that "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990) (citing *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987)). Here, ALJ Reynolds made a specific finding that Dunn "does not have an impairment *or combination of impairments* that meets or medically equals one of the listed impairments" in the applicable regulations. [Tr., p. 15 (emphasis added)] His decision contains numerous references to Dunn's "impairments" (plural), as well as a detailed discussion of each impairment. [Tr., pp. 13-23] In fact, with respect to Dunn's obesity, the ALJ explicitly stated that he considered the impairment in combination with Dunn's other impairments. [Tr., p. 14] The fact that the RFC assigned by ALJ Reynolds reflects both physical and mental limitations further demonstrates that he considered the cumulative effect of Dunn's impairments. [*See* Tr., p. 17]

### C. Durational Requirement

Dunn cites a Ninth Circuit case, *Gatliff v. Comm'r of Soc. Sec.*, 172 F.3d 690 (9th Cir. 1999), for the proposition that "substantial gainful activity means more than merely the ability to find a job and physically perform same. It also requires the ability to hold the job for a significant period of time." [Record No. 12-1, p. 5] Dunn complains that the ALJ did not take this rule into account. [*Id.*] As noted by the Commissioner, however, this Court has repeatedly rejected any separate durational requirement based on *Gatliff*. *See, e.g.*, *Cornett v. Astrue*, No. 6: 10-180-DCR, 2010 U.S. Dist. LEXIS 134644, at *15 (E.D. Ky. Dec. 20, 2010); *Durham v.*

*Astrue*, No. 6: 09-202-DCR, 2010 U.S. Dist. LEXIS 15382, at *16 (E.D. Ky. Feb. 22, 2010); *Johnson v. Astrue*, No. 08-298-JBC, 2009 U.S. Dist. LEXIS 71516, at *7-8 (E.D. Ky. Aug. 10, 2009); *Wilder v. Astrue*, No. 08-108-KSF, 2009 U.S. Dist. LEXIS 20170, at *18 (E.D. Ky. Mar. 12, 2009); *Garland v. Astrue*, No. 07-181-DLB, 2008 U.S. Dist. LEXIS 45270, at *16 (E.D. Ky. June 10, 2008). Instead, the Court assumes that "[i]mplicit in the RFC assigned to Plaintiff by the ALJ is a finding that Plaintiff is capable of maintaining employment." *Garland*, 2008 U.S. Dist. LEXIS 45270, at *16. Thus, the RFC set out in ALJ Reynolds's decision reflected his determination of the type of work Dunn could do for a significant period of time. *See id.*

Moreover, the ALJ's decision is supported by substantial evidence. ALJ Reynolds discussed the record evidence at length and ultimately concluded that Dunn's limitations are not as severe as she claims. For example, although Dunn alleges that she is unable to work due to back pain, the ALJ found no evidence in the record of any significant treatment for that impairment. [Tr., p. 20] Dunn accuses the ALJ of ignoring "[t]he exertional and non-exertional limitations placed on [her]"; in support, she cites the treatment notes of Dr. Tibbs, a University of Kentucky neurosurgeon who saw her in 2004 and 2006, and Dr. Atcher, who performed a consultative examination in June 2008. [Record No. 12-1, p. 4 (citing Tr., pp. 339-46, 467)] Yet the ALJ found Dr. Tibbs's notes "highly persuasive" because they contained no indication that Dunn's back problems would prevent her from working. [Tr., p. 22] Moreover, Dr. Atcher's evaluation was given little weight because it "confounded [Dunn's] physical and mental issues" and was internally inconsistent: Dr. Atcher opined that Dunn had memory and concentration impairments that rendered her unable to work; however, he stated in the same report that her

memory was intact, and he made no mention of any concentration problems observed during the examination. [Tr., p. 22; *see id.*, pp. 23, 467-71]

Dunn does not challenge the ALJ's reasons for discounting these opinions but merely repeats that "[i]t is clear" from the evidence that she should have been found disabled. [Record No. 12-1, p. 4] Once again, the Court declines to craft a viable argument out of Dunn's conclusory assertions. *See McPherson*, 125 F.3d at 995-96. ALJ Reynolds thoroughly explained his reasoning and cited extensive evidence to support his decision. Dunn has failed to demonstrate any reason why that decision should not stand.

## IV.

Although Dunn has established that she suffers from some medical impairments, she has not established that her symptoms are severe enough to warrant a period of disability or disability insurance benefits. The ALJ did not err in failing to mention the treating psychiatrist's opinion because that opinion was not part of the record at the time of the ALJ's decision. Moreover, the ALJ's decision reflects that he considered the combined effects of Dunn's impairments and found that Dunn could maintain employment for a significant period of time. Viewing the record as a whole, substantial evidence supports ALJ Reynolds's determination that Dunn is not disabled. Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff Delma Dunn's Motion for Summary Judgment [Record No. 12] is **DENIED**;

(2) Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 14] is **GRANTED**; and

(3) The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 29th day of April, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge